1
2
3
4
5
6
7

Fred W. Schwinn (SBN 225575)
Raeon R. Roulston (SBN 255622)
Matthew C. Salmonsen (SBN 302854)
CONSUMER LAW CENTER, INC.
1435 Koll Circle, Suite 104
San Jose, California  95112-4610
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
ROY LEE GRAHAM

8
9

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

10
11
12
13
14
15
16
17

| | |
|---|---|
| ROY LEE GRAHAM,<br><br>                              Plaintiff,<br><br>     v.<br><br>FINWALL LAW OFFICES, A PROFESSIONAL CORPORATION, a California corporation; and GORDON JOHN FINWALL, individually and in his official capacity,<br><br>                              Defendants. | Case No.<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>15 United States Code §§ 1692-1692p<br>California Civil Code §§ 1788-1788.33<br>California Civil Code §§ 1812.700-1812.702 |

18
19
20

Plaintiff, ROY LEE GRAHAM, based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or his attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

21
22

**I.  INTRODUCTION**

23
24
25
26
27
28

1.    This is an action for actual damages, statutory damages, attorney fees, and costs for Defendants' violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.  Defendants engaged in unlawful acts and abusive practices in connection with an attempt to collect a defaulted consumer debt.

2.      According to 15 U.S.C. § 1692:

a.      There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors.  Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

b.      Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

c.      Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

d.      Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce.  Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

e.      It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3.      Plaintiff also seeks actual damages, statutory damages, statutory penalties, attorney fees, and costs under the California Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.33 (hereinafter "RFDCPA") which prohibits some debt collectors from engaging in abusive, deceptive, and unfair practices.  The California Legislature has found that:

> The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts.  Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system

and sound extensions of credit to consumers.[1]

## II. JURISDICTION

4.     Subject matter jurisdiction of this Court arises under 28 U.S.C. § 1331, 1337, and 15 U.S.C. §1692k(d).  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5.     This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA").

## III. VENUE

6.     Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV. INTRADISTRICT ASSIGNMENT

7.     This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

## V. PARTIES

8.     Plaintiff, ROY LEE GRAHAM (hereinafter "Plaintiff"), is a natural person residing in Birch River, West Virginia.  Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and a "debtor" as that term is defined by Cal. Civil Code § 1788.2(h), and a "senior citizen" as that term is defined by Cal. Civil Code § 1761(f).

9.     Defendant,  FINWALL LAW OFFICES, A PROFESSIONAL CORPORATION (hereinafter "LAW OFFICES"), is a California corporation engaged in the business of collecting

---

[1]  Cal. Civil Code § 1788.1(a)(1).

- 3 -
COMPLAINT

defaulted consumer debts in this state with its principal place of business located at: 1056 Lincoln Avenue, San Jose, California 95125.  LAW OFFICES may be served at the address of its Agent for Service of Process at: Finwall Law Offices, A Professional Corporation, c/o Gordon J. Finwall, Agent for Service, 1056 Lincoln Avenue, San Jose, California 95125.  The principal business of LAW OFFICES is the collection of defaulted consumer debts using the mails, telephone, and internet, and LAW OFFICES regularly attempts to collect defaulted consumer debts alleged to be due another. LAW OFFICES is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

10.    Defendant, GORDON JOHN FINWALL (hereinafter "FINWALL"), is a natural person, a licensed attorney in the state of California, and is or was an employee, agent, officer, and/or director of LAW OFFICES at all relevant times.  FINWALL may be served at his current business address at: Gordon John Finwall, Finwall Law Offices, APC, 1056 Lincoln Avenue, San Jose, California 95125.  The principal purpose of FINWALL's business is the collection of defaulted consumer debts due or alleged to be due another.  FINWALL is regularly engaged in the business of collecting defaulted consumer debts by filing and maintaining numerous civil debt collection lawsuits on behalf of others and obtaining judgments in those lawsuits by utilizing the U.S. Mail, telephone, and internet.  FINWALL is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).  Plaintiff is informed and believes, and thereon alleges that FINWALL is liable for the acts of LAW OFFICES because he sets and approves LAW OFFICES's collection policies, practices, procedures, and he directed and directly participated in the unlawful activities described herein.

11.    At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee, and/or joint venturer of his co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency,

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

service, employment, and/or joint venture.  Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## VI.  FACTUAL ALLEGATIONS

12.    On or about April 27, 2016, Plaintiff entered into an agreement with FUTURE INCOME PAYMENTS, LLC, in the form of a disguised consumer credit account (hereinafter "the debt").  Plaintiff denies that any debt is owed.  The debt was was incurred primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

13.    At all relevant times alleged in this Complaint, Plaintiff is and was a resident of Birch River, West Virginia and has never resided in Santa Clara County, California. Moreover, Plaintiff has never applied for or signed a credit application while in Santa Clara County, California.

14.    Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the debt was consigned, placed, or otherwise transferred to Defendants for collection from Plaintiff.

15.    Thereafter, Defendants sent a collection letter to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

16.    A true and accurate copy of the collection letter from Defendants to Plaintiff is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

17.    The collection letter (Exhibit "1") is dated August 15, 2018.

18.    The collection letter (Exhibit "1") was the first written communication from Defendants to Plaintiff in connection with the collection of the debt.

19.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew that their conduct was directed towards a senior citizen.

20.    The collection letter (Exhibit "1") does not include the notice required by the FDCPA, 15 U.S.C. § 1692g(a).

21.    The collection letter (Exhibit "1") does not include the notice required by the FDCPA, 15 U.S.C. § 1692e(11).

22.    The collection letter (Exhibit "1") does not include the notice required by Cal. Civil Code § 1812.700(a).

23.    Plaintiff is informed and believes, and thereon alleges, that Defendants have sent standard form collection letters in the form of Exhibit "1" to more than 40 persons in California in the one year preceding the filing of this Complaint.   Therefore, Plaintiff may seek leave to amend this Complaint to add class allegations at a later date.

24.    Thereafter, Defendants sent a second collection letter to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

25.    A true and accurate copy of the second collection letter from Defendants to Plaintiff is attached hereto, marked Exhibit "2," and by this reference is incorporated herein.

26.    The second collection letter (Exhibit "2") is dated September 7, 2018.

27.    The second collection letter (Exhibit "2") does not include the notice required by the FDCPA, 15 U.S.C. § 1692e(11).

28.    Thereafter, on January 16, 2019, Defendants filed a lawsuit against Plaintiff in the Superior Court of California, Santa Clara County captioned *Douglas Pereyda v. Roy Lee Graham, et al.*, Case No. 19-CV-341085 (hereinafter the "state court action") which sought to collect the debt from Plaintiff.

29.    A true and accurate copy of the Complaint filed by Defendants against Plaintiff in the state court action is attached hereto, marked Exhibit "3," and by this reference is incorporated

herein.

30.    Defendants' <u>Complaint</u> (Exhibit "3") falsely states that "This court is the proper court because the contract was to be performed here. . . The contract was partially performed here."

31.    Thereafter, Defendants sent a third collection letter to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

32.    A true and accurate copy of the third collection letter from Defendants to Plaintiff is attached hereto, marked Exhibit "4," and by this reference is incorporated herein.

33.    The third collection letter (Exhibit "4") is dated January 17, 2019.

34.    The third collection letter (Exhibit "4") does not include the notice required by the FDCPA, 15 U.S.C. § 1692e(11).

35.    As a result of Defendants filing the state court action against Plaintiff in Santa Clara County, California – a distant and inconvenient venue – Plaintiff was required to retain counsel and incur attorneys' fees and costs.  As a result of Defendants' forum abuse, Plaintiff has incurred actual damages in an amount to be determined at trial.[2]

36.    As a senior citizen subjected to Defendants' abusive, deceptive, and unfair collection practices, Plaintiff is entitled to treble damages, pursuant to Cal. Civil Code § 3345.[3]

/ / /

/ / /

---

[2]    See, *Hess v. Cohen & Slamowitz LLP*, 637 F.3d 117, 120 (2d Cir. 2011) ("Among the abusive practices that Congress intended the FDCPA to address was the 'problem of 'forum abuse,' an unfair practice in which debt collectors file suit against consumers in courts which are so distant or inconvenient that consumers are unable to appear,' hence permitting the debt collector to obtain a default judgment."); *Owens v. Howe*, 365 F. Supp. 2d 942, 948 (N.D. Ind. 2005) (the attorney fees and cost incurred defending a state court lawsuit are properly awarded as actual damages under 15 U.S.C. § 1692k(a)(1), and not under 15 U.S.C. § 1692k(a)(3)); *Lowe v. Elite Recovery Solutions L.P.*, 2008 U.S. Dist. LEXIS 8353, at *9 (E.D. Cal. Feb. 4, 2008) (awarding attorney fees court costs incurred defending state court action as actual damages under 15 U.S.C. § 1692k).
[3]    See, *Johnson v. CFS II, Inc.*, 2013 U.S. Dist. LEXIS 61017 (N.D. Cal. April 28, 2013) (Awarding treble damages under Cal. Civil Code § 3345 in a RFDCPA case).

# VII.  CLAIMS

## FAIR DEBT COLLECTION PRACTICES ACT

37.    Plaintiff brings the first claim for relief against Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p.

38.    Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

39.    Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

40.    Defendant, LAW OFFICES, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

41.    Defendant, FINWALL, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

42.    The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

43.    Defendants have violated the FDCPA.  The violations include, but are not limited to, the following:

    a.    Defendants made and used false, deceptive, and misleading representations in an attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

    b.    Defendants misrepresented the character, amount, and legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A);

    c.    Defendants misrepresented the compensation which may be lawfully received by Defendants for the collection of the debt, in violation of 15 U.S.C. § 1692e(2)(B);

    d.    Defendants failed to disclose in their initial written communication with

Plaintiff that Defendants were attempting to collect a debt and that any information obtained would be used for that purpose, and failed to disclose in subsequent communications that the communications were from a debt collector, in violation of 15 U.S.C. § 1692e(11);

e.   Defendants failed to send Plaintiff a written notice containing a statement of the amount of the debt being collected, in violation of 15 U.S.C. § 1692g(a)(1);

f.   Defendants failed to send Plaintiff a written notice containing a statement of the name of the creditor to whom the debt is owed, in violation of 15 U.S.C. § 1692g(a)(2);

g.   Defendants failed to send Plaintiff a written notice containing a statement that unless Plaintiff, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by Defendants, in violation of 15 U.S.C. § 1692g(a)(3);

h.   Defendants failed to send Plaintiff a written notice containing a statement that if Plaintiff notified Defendants in writing within the thirty-day period that the debt, or any portion thereof, is disputed, Defendants would obtain verification of the debt and that a copy of the verification would be mailed to Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4);

i.   Defendants failed to send Plaintiff a written notice containing a statement that upon Plaintiff's written request within the thirty-day period, Defendants would provide Plaintiff with the name and address of the original creditor, if different from the current creditor, in violation of 15 U.S.C. § 1692g(a)(5);

j.   Defendants attempted to collect interest, fees, or other charges from Plaintiff that are not expressly authorized by the agreement creating the debt or otherwise permitted by law, in violation of 15 U.S.C. § 1692f(1); and

k.   Defendants brought a legal action against Plaintiff to collect a consumer

debt in a judicial district other than the judicial district in which Plaintiff signed the contract sued on or in the judicial district in which Plaintiff resided at the commencement of the action, in violation of 15 U.S.C. § 1692i(a).

44.    Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the debt.

45.    As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1).

46.    As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of statutory damages in an amount not to exceed $1,000, pursuant to 15 U.S.C. §§ 1692k(a)(2) (A).

47.    As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs, pursuant to 15 U.S.C. §§ 1692k(a)(3).

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

48.    Plaintiff brings the second claim for relief against Defendant, LAW OFFICES, only under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

49.    Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

50.    Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

51.    Defendant, LAW OFFICES, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

52.    The financial obligation alleged to be owed by Plaintiff is a "consumer debt" as

1    that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

2        53.    LAW OFFICES has violated the RFDCPA.  The violations include, but are not

3    limited to, the following:

4        a.    LAW OFFICES made and used false, deceptive, and misleading

5    representations in an attempt to collect the debt, in violation of Cal. Civil Code § 1788.17;[4]

6

7        b.    Defendants misrepresented the character, amount, and legal status of the

8    debt, in violation of Cal. Civil Code §§ 1788.13(e), 1788.14 (b), and 1788.17;[5]

9        c.    LAW OFFICES misrepresented the compensation which may be lawfully

10   received by Defendants for the collection of the debt, in violation of Cal. Civil Code §§

11   1788.13(e), 1788.14(b), and 1788.17;[6]

12

13       d.    LAW OFFICES failed to disclose in its initial written communication with

14   Plaintiff that LAW OFFICES was attempting to collect a debt and that any information obtained

15   would be used for that purpose, and failed to disclose in subsequent communications that the

16   communications were from a debt collector, in violation of Cal. Civil Code § 1788.17;[7]

17       e.    LAW OFFICES failed to send Plaintiff a written notice containing a

18   statement of the amount of the debt being collected, in violation of Cal. Civil Code § 1788.17;[8]

19

20       f.    LAW OFFICES failed to send Plaintiff a written notice containing a

21   statement of the name of the creditor to whom the debt is owed, in violation of Cal. Civil Code §

22   1788.17;[9]

23

24       g.    LAW OFFICES failed to send Plaintiff a written notice containing a

25   _____

26   [4] 15 U.S.C. §§ 1692e and 1692e(10).
     [5] 15 U.S.C. § 1692e(2)(A).
     [6] 15 U.S.C. § 1692e(2)(B).
27   [7] 15 U.S.C. § 1692e(11).
     [8] 15 U.S.C. § 1692g(a)(1).
28   [9] 15 U.S.C. § 1692g(a)(2).

statement that unless Plaintiff, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by LAW OFFICES, in violation of Cal. Civil Code § 1788.17;[10]

h.   LAW OFFICES failed to send Plaintiff a written notice containing a statement that if Plaintiff notified LAW OFFICES in writing within the thirty-day period that the debt, or any portion thereof, is disputed, LAW OFFICES would obtain verification of the debt and that a copy of the verification would be mailed to Plaintiff, in violation of Cal. Civil Code § 1788.17;[11]

i.   LAW OFFICES failed to send Plaintiff a written notice containing a statement that upon Plaintiff's written request within the thirty-day period, LAW OFFICES would provide Plaintiff with the name and address of the original creditor, if different from the current creditor, in violation of Cal. Civil Code § 1788.17;[12]

j.   LAW OFFICES attempted to collect interest, fees, or other charges from Plaintiff that are not expressly authorized by the agreement creating the debt or otherwise permitted by law, in violation of Cal. Civil Code §§ 1788.13(e), 1788.14 (b), and 1788.17;[13] and

k.   LAW OFFICES brought a legal action against Plaintiff to collect a consumer debt in a judicial district other than the judicial district in which Plaintiff signed the contract sued on or in the judicial district in which Plaintiff resided at the commencement of the action, in violation of Cal. Civil Code §§ 1788.15(b) and 1788.17.[14]

54.   LAW OFFICES's acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the debt, as that term is defined by Cal. Civil Code §

---

[10] 15 U.S.C. § 1692g(a)(3).
[11] 15 U.S.C. § 1692g(a)(4).
[12] 15 U.S.C. § 1692g(a)(5).
[13] 15 U.S.C. § 1692f(1).
[14] 15 U.S.C. § 1692i(a).

1788.30(b).

55.     As a result of LAW OFFICES's willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

56.     As a result of LAW OFFICES's violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not exceeding $1,000, pursuant to Cal. Civil Code § 1788.17.[15]

57.     As a result of LAW OFFICES's violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs, pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[16]

58.     Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that Plaintiff may have under any other provision of law.

## CALIFORNIA CONSUMER COLLECTION NOTICE

59.     Plaintiff brings the third claim for relief against Defendants under Cal. Civil Code §§ 1812.700-1812.702.

60.     Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

61.     Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

62.     Defendant, LAW OFFICES, is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

---

[15]  15 U.S.C.§ 1692k(a)(2)(A).
[16]  15 U.S.C.§ 1692k(a)(3).

63.     Defendant, FINWALL, is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

64.     The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5), and a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

65.     Defendants failed to include the "Consumer Collection Notice" required by Cal. Civil Code § 1812.700(a) in their first written notice initially addressed to Plaintiff.

66.     Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

67.     As a result of Defendants' willful and knowing violations of Cal. Civil Code § 1812.700(a), Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil Code § 1812.702.[17]

68.     As a result of Defendants' violations of Cal. Civil Code § 1812.700(a), Plaintiff is entitled to an award of statutory damages in an amount not greater than one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil Code § 1812.702.[18]

69.     As a result of Defendants' violations of Cal. Civil Code § 1812.700(a), Plaintiff is entitled to an award of reasonable attorney's fees and costs, pursuant to Cal. Civil Code § 1812.702.[19]

70.     Pursuant to Cal. Civil Code § 1788.32, the remedies provided under Cal. Civil Code §§ 1788.17 and 1788.30(c) are intended to be cumulative and in addition to any other procedures, rights or remedies that Plaintiff may have under any other provision of law.

[17]  Cal. Civil Code § 1788.30(b).
[18]  Cal. Civil Code § 1788.17, incorporating 15 U.S.C. § 1692k(a)(2)(A) by reference.
[19]  Cal. Civil Code §§ 1788.30(c) and 1788.17, incorporating 15 U.S.C. § 1692k(a)(3) by reference.

1

## VIII.  REQUEST FOR RELIEF

2

Plaintiff requests that this Court:

3

    a)  Assume jurisdiction in this proceeding;

4

5

    b)  Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§

6

        1692e, 1692e(2)(A), 1692e(2)(B), 1692e(10), 1692e(11), 1692f(1), 1692g(a)(1),

7

        1692g(a)(2), 1692g(a)(3), 1692g(a)(4), 1692g(a)(5), and 1692i(a);

8

    c)  Declare that LAW OFFICES violated the Rosenthal Fair Debt Collection Practices Act,

9

        Cal. Civil Code §§ 1788.13(e), 1788.14(b), and 1788.17;

10

    d)  Declare that Defendants violated Cal. Civil Code § 1812.700(a);

11

12

    e)  Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to 15

13

        U.S.C. § 1692k(a)(2)(A);

14

    f)  Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than

15

        $1,000, pursuant to Cal. Civil Code § 1788.30(b);

16

17

    g)  Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to Cal.

18

        Civil Code § 1788.17;[20]

19

    h)  Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than

20

        $1,000 against each Defendant, pursuant to Cal. Civil Code § 1812.702;[21]

21

    i)  Award Plaintiff statutory damages in an amount not exceeding $1,000 against each

22

        Defendant, pursuant to Cal. Civil Code § 1812.702;[22]

23

24

    j)  Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15

25

        U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.30(c), 1788.17[23] and 1812.700(b);[24]

26

[20] 15 U.S.C. § 1692k(a)(2)(A).

[21] Cal. Civil Code § 1788.30(b).

27

[22] Cal. Civil Code § 1788.17, incorporating 15 U.S.C. § 1692k(a)(2)(A) by reference.

[23] 15 U.S.C. § 1692k(a)(3).

28

[24] Cal. Civil Code § 1788.17, incorporating 15 U.S.C. § 1692k(a)(3) by reference.

k) Award Plaintiff treble damages, pursuant to Cal. Civil Code § 3345; and

l) Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

Dated: March 6, 2019                    By: /s/ Fred W. Schwinn
                                        Fred W. Schwinn (SBN 225575)
                                        Raeon R. Roulston  (SBN 255622)
                                        Matthew C. Salmonsen (SBN 302854)
                                        CONSUMER LAW CENTER, INC.
                                        1435 Koll Circle, Suite 104
                                        San Jose, California  95112-4610
                                        Telephone Number: (408) 294-6100
                                        Facsimile Number: (408) 294-6190
                                        Email Address: fred.schwinn@sjconsumerlaw.com

                                        Attorneys for Plaintiff
                                        ROY LEE GRAHAM

## CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

                                        /s/ Fred W. Schwinn
                                        Fred W. Schwinn, Esq.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ROY LEE GRAHAM, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

                                        /s/ Fred W. Schwinn
                                        Fred W. Schwinn, Esq.



# FINWALL
# LAW OFFICES
A PROFESSIONAL CORPORATION

August 15, 2018

Roy Lee Graham
418 Candlewood Road
Birch River, WV 26610

| | | |
|---|---|---|
| Re: | My Client: | Douglas Pereyda |
| | Contract Name: | FIP LLC Purchase and Sale Agreement |
| | Your Social Security No.: | ▓▓▓▓▓▓▓ |

Dear Mr. Graham:

Please be advised that I represent Douglas Pereyda, the assignee of the FIP LLC Purchase and Sale Agreement dated April 27, 2016 you entered into with FIP LLC ("Purchase Agreement").

As you may know, the Purchase Agreement permitted FIP LLC to assign the asset you transferred to FIP LLC. (See Recital 6 and Section 7.5 in Purchase Agreement.) FIP LLC in fact assigned the asset to Mr. Pereyda. Mr. Pereyda therefore now stands in the shoes of FIP LLC and has the right to enforce your obligations under the Purchase Agreement. Mr. Pereyda previously authorized FIP LLC to receive all payments due under the Purchase Agreement; however, FIP LLC has ceased to exist and therefore Mr. Pereyda has elected to enforce the Purchase Agreement on his own.

Accordingly, the purpose of this letter is to instruct that you forthwith resume making payments due under the Purchase Agreement and send the payments directly to Mr. Pereyda.

The Purchase Agreement obligated you to make 60 monthly payments of $550.00. You made 23 payments, the last payment being on March 31, 2018. You remain obligated for payment of the remaining 37 installments.

The remaining 37 payments should be sent directly to Mr. Pereyda at the following address:

Douglas Pereyda
15559 Union Avenue, Apt. #154
Los Gatos, CA 95032



**EXHIBIT**

**1**



FINWALL
LAW OFFICES

1056 Lincoln Avenue
San Jose, CA 95125

Call us : (408) 350-4041
Fax     : (408) 350-4042

E-mail :
Gordon@FinwallLaw.com

Page 2
August 15, 2018

       So long as Mr. Pereyda is in receipt of the next payment on or before September 1, 2018 and continues to receive timely monthly payments thereafter, he will not deem you to be in default.

       In the event Mr. Pereyda must take steps to enforce your obligations, please take note that Section 6.2 of the Purchase Agreement provides, in part, that you "shall be responsible for, and pay on demand, all of FIP's and Subsequent Purchaser's costs related to enforcement of this Agreement, including any attorney's fees.  Seller's obligations under this section will survive termination of this Agreement."

       Thank you in advance for your timely compliance with the instructions set forth herein.  Please do not hesitate to contact me if you have any questions.

       Very truly yours,

       GORDON J. FINWALL

GJF:cy



# FINWALL
# LAW OFFICES
A PROFESSIONAL CORPORATION

September 7, 2018

**SECOND AND FINAL REQUEST FOR PAYMENT**

Roy Lee Graham
418 Candlewood Road
Birch River, WV 26610

Re:    My Client:               Douglas Pereyda
         Contract Name:       FIP LLC Purchase and Sale Agreement
         Your Social Security No.:    ████████

Dear Mr. Graham:

As you know, I sent to you a letter dated August 15, 2018 requesting that you resume making payment in accordance with your obligations under the FIP LLC Purchase and Sale Agreement. In that letter, I requested that you send payments to Douglas Pereyda, the assignee of the FIP LLC Purchase and Sale Agreement you signed. However, Mr. Pereyda reports that he has not received any payments from you. You therefore stand in breach of the FIP LLC Purchase and Sale Agreement and have subjected yourself to the remedies provided in the agreement, including the balance of the payments owed, attorney's fees, court costs, and interest.

I will not send additional follow-up letters asking you to comply with the FIP LLC Purchase and Sale Agreement. Unless you meet your obligations and resume making payments, this letter will be the last request before Mr. Pereyda initiates litigation against you to enforce the agreement.

Accordingly, as requested in my previous letter, please resume making the monthly **$550** payments and send your payments to the following address:

Douglas Pereyda
15559 Union Avenue, Apt. #154
Los Gatos, CA 95032

In order to avoid the filing of a lawsuit against you, please arrange to have the first payment received by Mr. Pereyda no later than Monday, **September 17, 2018**.

**EXHIBIT**
**2**



FINWALL
LAW OFFICES   |   1056 Lincoln Avenue
San Jose, CA 95125   |   Call us : (408) 350-4041
Fax  : (408) 350-4042   |   E-mail :
Gordon@FinwallLaw.com

Page 2
September 7, 2018

       Thank you in advance for your immediate attention to this important matter.  If you have any questions, please do not hesitate to contact my office.

                        Very truly yours,

                        GORDON J. FINWALL

GJF:cy

E-FILED
1/16/2019 10:14 AM
Clerk of Court
Superior Court of CA,
County of Santa Clara
19CV341085
Reviewed By: A Adefris

PLD-C-001

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Gordon J. Finwall    (State Bar # 141777)
FINWALL LAW OFFICES, APC
1056 Lincoln Avenue, San Jose, CA 95125
TELEPHONE NO: (408) 350-4041    FAX NO. *(Optional):* (408) 350-4042
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS:
MAILING ADDRESS: 191 N. First Street
CITY AND ZIP CODE: San Jose 95113
BRANCH NAME:

PLAINTIFF: DOUGLAS PEREYDA

DEFENDANT: ROY LEE GRAHAM

[X] DOES 1 TO    20

CONTRACT
[X] COMPLAINT         [ ] AMENDED COMPLAINT *(Number):*
[ ] CROSS-COMPLAINT   [ ] AMENDED CROSS-COMPLAINT *(Number):*

Jurisdiction *(check all that apply):*
[X] ACTION IS A LIMITED CIVIL CASE
   Amount demanded [ ] does not exceed $10,000
                   [X] exceeds $10,000 but does not exceed $25,000
[ ] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint
   [ ] from limited to unlimited
   [ ] from unlimited to limited

CASE NUMBER:
19CV341085

1. Plaintiff* *(name or names):* DOUGLAS PEREYDA

   alleges causes of action against defendant* *(name or names):* ROY LEE GRAHAM and DOES 1 through 20

2. This pleading, including attachments and exhibits, consists of the following number of pages: 3
3. a. Each plaintiff named above is a competent adult
      [ ] except plaintiff *(name):*
         (1) [ ] a corporation qualified to do business in California
         (2) [ ] an unincorporated entity *(describe):*
         (3) [ ] other *(specify):*

   b. [ ] Plaintiff *(name):*
      a. [ ] has complied with the fictitious business name laws and is doing business under the fictitious name *(specify):*

      b. [ ] has complied with all licensing requirements as a licensed *(specify):*
   c. [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.
4. a. Each defendant named above is a natural person
      [ ] except defendant *(name):*                        [ ] except defendant *(name):*
         (1) [ ] a business organization, form unknown         (1) [ ] a business organization, form unknown
         (2) [ ] a corporation                                 (2) [ ] a corporation
         (3) [ ] an unincorporated entity *(describe):*        (3) [ ] an unincorporated entity *(describe):*

         (4) [ ] a public entity *(describe):*                 (4) [ ] a public entity *(describe):*

         (5) [ ] other *(specify):*                            (5) [ ] other *(specify):*

EXHIBIT
3

* If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

Form Approved for Optional Use
Judicial Council of California
COMPLAINT—Contract
Code of Civil Procedure, § 425.12

PLD-C-001

| SHORT TITLE: DOUGLAS PEREYDA vs. ROY LEE GRAHAM | CASE NUMBER: |
|---|---|

4. *(Continued)*
  b. The true names of defendants sued as Does are unknown to plaintiff.
    (1) ☒ Doe defendants *(specify Doe numbers):* 1-10 _____ were the agents or employees of the named defendants and acted within the scope of that agency or employment.
    (2) ☒ Doe defendants *(specify Doe numbers):* 11-20 _____ are persons whose capacities are unknown to plaintiff.
  c. ☐ Information about additional defendants who are not natural persons is contained in Attachment 4c.
  d. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

5. ☐ Plaintiff is required to comply with a claims statute, and
  a. ☐ has complied with applicable claims statutes, *or*
  b. ☐ is excused from complying because *(specify):*

6. ☐ This action is subject to ☐ Civil Code section 1812.10 ☐ Civil Code section 2984.4.

7. This court is the proper court because
  a. ☐ a defendant entered into the contract here.
  b. ☐ a defendant lived here when the contract was entered into.
  c. ☐ a defendant lives here now.
  d. ☒ the contract was to be performed here.
  e. ☐ a defendant is a corporation or unincorporated association and its principal place of business is here.
  f. ☐ real property that is the subject of this action is located here.
  g. ☒ other *(specify):* The contract was partially performed here.

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
  ☒ Breach of Contract
  ☐ Common Counts
  ☐ Other *(specify):*

9. ☒ Other allegations: The contract that is the subject of this complaint was assigned by Future Income Payments, LLC to plaintiff DOUGLAS PEREYDA. At the time the defendant entered into the subject contract, Future Income Payments, LLC's principal office was located at 18300 Van Karman Avenue, Suite 410, Irvine, California.

10. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
  a. ☒ damages of: $ 20,025.00
  b. ☒ interest on the damages
    (1) ☐ according to proof
    (2) ☒ at the rate of *(specify):* 10 percent per year from *(date):* May 1, 2018
  c. ☒ attorney's fees
    (1) ☐ of: $
    (2) ☒ according to proof.
  d. ☐ other *(specify):*

11. ☐ The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*

Date: January 16, 2019

GORDON J. FINWALL
(TYPE OR PRINT NAME)

▶ _____ (SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification)*

PLD-C-001 [Rev. January 1, 2007]                    **COMPLAINT—Contract**                    Page 2 of 2

*LexisNexis® Automated California Judicial Council Forms*

PLD-C-001(1)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| DOUGLAS PEREYDA vs. ROY LEE GRAHAM | |

<u>FIRST</u>     **CAUSE OF ACTION—Breach of Contract**
_(number)_

ATTACHMENT TO     [ X ] Complaint     [   ] Cross - Complaint

_(Use a separate cause of action form for each cause of action.)_

BC-1. Plaintiff _(name):_ DOUGLAS PEREYDA

alleges that on or about _(date):_ April 27, 2016

a  [ X ] written    [   ] oral    [   ] other _(specify):_

agreement was made between _(name parties to agreement):_  Future Income Payments, LLC and ROY LEE GRAHAM

[   ] A copy of the agreement is attached as Exhibit A, or

[ X ] The essential terms of the agreement   [   ] are stated in Attachment BC-1   [ X ] are as follows _(specify):_
Future Income Payments, LLC purchased from ROY LEE GRAHAM the right to a portion of Mr. GRAHAM's future pension payments from Ford Motor Company UAW. The agreement required Mr. GRAHAM to forward to Future Income Payments, LLC $550.00 of each future monthly pension payment for 60 months.

BC-2. On or about _(dates):_ May 1, 2018
defendant breached the agreement by   [   ] the acts specified in Attachment BC-2   [ X ] the following acts
_(specify):_ Failing to and stopping to forward to Future Income Payments, LLC $550.00 from his monthly pension payment.

BC-3. Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or excused from performing.

BC-4. Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
[   ] as stated in Attachment BC-4   [ X ] as follows _(specify):_
37 monthly payments times $550.00 less a payment in the sum of $325.00 equals $20,350.00.

BC-5. [ X ]  Plaintiff is entitled to attorney fees by an agreement or a statute
[   ] of $
[ X ] according to proof.

BC-6. [   ] Other:

Page     3

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(1) [Rev. January 1, 2007]

**CAUSE OF ACTION—Breach of Contract**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

_LexisNexis® Automated California Judicial Council Forms_



# FINWALL

## LAW OFFICES

A PROFESSIONAL CORPORATION

January 17, 2019

Roy Lee Graham
418 Candlewood Road
Birch River, WV 26610

Re:    Pereyda vs. Graham

Dear Mr. Graham:

        Enclosed find a Notice and Acknowledgment of Receipt, Summons, Complaint and Civil Lawsuit Notice.  Please acknowledge receipt of said documents by dating and signing the Acknowledgment of Receipt and returning the same to my office in the envelope provided.

        Please be advised that, pursuant to Code of Civil Procedure Section 415.30(d), if you fail to return the dated and signed Acknowledgment of Receipt within twenty (20) days, you will be held liable for reasonable expenses thereafter incurred in serving and attempting to serve you by any other method.  Therefore, I urge you to immediately return the dated and signed Acknowledgment of Receipt.

        If you have any questions, please feel free to contact me.

        Very truly yours,

        GORDON J. FINWALL

GJF:cy
Enc.



EXHIBIT
**4**